**In Re Anonymous No. 71 D.B. 81**

Disciplinary Board docket no. 71 D.B. 81.

To The Honorable Chief Justice and Justices of The Supreme Court of Pennsylvania

SCHIAVO, *Board Member*, December 21, 1982—Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (Enforcement Rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board), herewith submits its findings and recommendations to your honorable court with respect to the above proceeding.

## I. STATEMENT OF CHARGES

Respondent, an attorney admitted to the practice of law in the Commonwealth of Pennsylvania, with his office located in [ ] Pennsylvania has been charged by the Petitioner, Office of Disciplinary Counsel, with violation of various Disciplinary Rules of the Code of Professional Responsibility as follows:

A. D.R. 1-102(A)(3)—A lawyer shall not engage in illegal conduct involving moral turpitude;

B. D.R. 1-102(A)(4)—A lawyer shall not engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

C. D.R. 1-102(A)(5)—A lawyer shall not engage in conduct that is prejudicial to the administration of justice;

D. D.R. 1-102(A)(6)—A lawyer shall not engage in any other conduct that adversely reflects on his fitness to practice law;

E. D.R. 7-101(A)(1)—A lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available lawful means;

F. D.R. 7-101(A)(3)—A lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship;

G. D.R. 7-102(A)(7)—In his representation of a client, a lawyer shall not counsel or assist his client in conduct that the lawyer knows to be illegal or fraudulent;

H. D.R. 7-102(A)(8)—In his representation of a client, a lawyer shall not knowlingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule; and

I. D.R. 9-102(B)(3)—A lawyer shall maintain complete records of all funds, securities and other properties of a client coming into the possession of the lawyer and render appropriate accounts to his client regarding them.

## II. HISTORY OF THE PROCEEDINGS

On December 10, 1981 a petition for discipline was filed by the Office of Disciplinary Counsel as petitioner against the within respondent embodying all the abovementioned charges. No answer was filed thereto by respondent, and the matter was

assigned to hearing committee [   ] which thereafter held a hearing on the matter.

## III. HEARING COMMITTEE RECOMMENDATION AND REASONS THEREFOR

Following the hearing on this matter hearing committee [   ] decided per the report written by Chairman, [   ], that respondent had violated two Rules of the Code of Professional Responsibility, that is, D.R. 1-102(A)(5) and D.R. 1-102(A)(6) and that respondent should be publicly censured by the Supreme Court of Pennsylvania as the appropriate discipline hereunder. With said suggestion for discipline another member of the hearing committee, [   ], agreed and concurred pursuant to his concurring report filed hereunder; however, he felt that respondent had violated different Disciplinary Rules, that is, D.R. 1-102(A)(3), D.R. 1-102(A)(4), D.R. 7-102(A)(7) and D.R. 7-102(A)(8). A dissenting report was written by the third member of the hearing committee, [   ], who found that no Disciplinary Rules had been violated by respondent, and he recommended that the charges pending hereunder be dismissed.

## IV. FINDINGS OF FACT

1. Respondent did represent Mr. and Mrs. [A] on their personal injury claim from on or about February 21, 1977 through June 29, 1979 when respondent effected a $14,500 settlement for his clients in a lawsuit against [B] Inc.

2. On or about June 29, 1979 an insurance draft was sent by [B] Inc. through [C] Business Services, Inc. to respondent in the amount of $14,500 in full settlement of said action and claim of respondent's

said clients, and said draft was made payable to "[Mr. A] and [Mrs. A] and [Respondent], Attorney for [D] Inc., Subrogee."

3. Respondent then proceeded to have said check or draft endorsed by his clients, and respondent, himself, then endorsed the check or draft and crossed out or caused to be crossed out the words "and [D] Inc., Subrogee" prior to negotiating and depositing said check in the bank account of his law firm while then and there knowing that the draft had been materially altered by him or at his direction.

4. Respondent did all the foregoing while knowing of the subrogation interest of [D], Inc. in the amount of $5,407.86 by virtue of workmen's compensation payments having been paid by or through [D], Inc., the employer of [Mr. A], to said [Mr. A].

5. Respondent never paid any portion of the proceeds of the settlement draft to [D] Inc. and, further, said alteration or crossing out of the name of [D], Inc. as subrogee was all carried out without the knowledge, permission or authority of either [D], Inc. or [C] Business Services, Inc.

6. Respondent's client, [Mr. A], at all times insisted that respondent not pay said sum of money to [D], Inc. in reimbursement of said workmen's compensation payments, and respondent's said clients were not aware that the name of [D], Inc., subrogee has been removed or eliminated from the face of said check or draft.

7. A lawsuit was subsequently instituted by [D], Inc. in [  ] County to no. [  ] June term, 1981 against respondent's said clients for reimbursement of said workmen's compensation payments, and respondent settled the same and paid the monetary settlement to [D], Inc.

## V. CONCLUSIONS OF LAW

1. 13 Pa.C.S.A. §3412 of the Uniform Commercial Code did not authorize respondent to materially alter or otherwise change said check or draft as aforesaid.

2. Respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility: D.R. 1-102(A)(6), D.R. 7-101(A)(1), D.R. 7-101(A)(3), D.R. 7-102(A)(7) and D.R. 7-102(A)(8).

## VI. PRIOR RECORD

Respondent has no prior disciplinary record, and no disciplinary proceedings have previously been filed against him.

## VII. DISCUSSION

This is an unfortunate incident of an attorney deciding not to follow lawful, proper and alternate means of settling a case in the face of the demands of a rather adamant client, but rather choosing to take the law into his own hands by altering the face of a check or draft and, surprisingly, having the same accepted for deposit by a bank.

There is no doubt but that petitioner's evidence clearly sustains that such action violated all of said Disciplinary Rules mentioned in Section V. above and by more than a clear preponderance of the evidence. In defense of his actions, respondent cited 13 Pa.C.S.A. §3412 "Acceptance varying draft" of the Uniform Commercial Code arguing that he had the right to vary the check or draft as presented by him to the bank under subsection (a) thereof, however, a reading of said subsection (a) clearly indicates that the drawee, who is authorized to so vary the draft, is definitely the bank and the holder

would be respondent who presented such check or draft to the drawee bank; there really can be no confusion about this clear meaning and intention of said statutory subsection.

To the report of the hearing committee petitioner initially filed a brief in support of its contention that respondent be suspended from the practice of law. Respondent also filed a brief requesting that the petition for discipline be dismissed.

Much of what was stated in petitioner's brief addressed itself to respondent's actions hereunder being a forgery under Section 4101 of the Criminal Code.

The Disciplinary Board while taking this into consideration also considered the facts that his client, as aforesaid, was adamant that none of the $14,500 was to be paid to [D], Inc., that respondent made no secret that he would not honor [D], Inc.'s request to represent it to reimburse said $5,407.86 in workmen's compensation benefits paid to his client, that respondent truthfully admitted that he is responsible for the alteration of said check or draft, that no client's interests were damaged or injured, that respondent has repaid all of the monies hereinvolved to [D], Inc. and as claimed for by [D], Inc. and that respondent had no prior disciplinary history.

At oral argument held before a panel of this Disciplinary Board both petitioner and respondent elaborated on the points reflected by their various briefs filed of record. The conclusions of the board hereunder follow its thorough examination of the entire record and all of the points of law expressed by the parties hereunder.

As with most of these proceedings the major difficulty is a determination of the proper or appropriate discipline to be imposed upon respondent for

his above enumerated infractions of the Disciplinary Rules of the Code of Professional Responsibility.

The board cannot take seriously respondent's contention that he has not violated any Disciplinary Rules although, to respondent's credit, he did retreat substantially from this position at the oral argument of this case and appeared willing to admit his culpability hereunder. The thrust of the authorities cited by petitioner for a lengthy suspension in large part revolves around substantial personal gain being made by parties who alter drafts or checks, subterfuges engaged in by parties in pursuance of the same and parties with prior disciplinary records or involved in a series of unconnected disciplinary infractions or violations.

The board's consideration of all the foregoing carries it to the conclusion that the appropriate discipline for respondent hereunder is a four months' suspension from the practice of law.

## VIII. RECOMMENDATION

The board recommends that respondent be suspended from the practice of law for a period of four months.

Mrs. Hammerman dissents and would recommend a one year suspension.

Mrs. Neuman did not participate in the adjudication.

## ORDER

ROBERTS, C.J., And now, January 24, 1983, upon consideration of the recommendation of the Disciplinary Board dated December 21, 1982, this matter is referred to the Disciplinary Board for the imposition of an informal admonition.